UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

| | |
|---|---|
| SEA SONG FARMS, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Case No. 10-cv-23-JMH |
| v. | ) |
| | ) |
| GEOSTAR CORPORATION, | ) |
| | ) **MEMORANDUM OPINION & ORDER** |
| Defendant. | ) |

\*\*\*

This matter is before the Court upon the Motion for Partial Summary Judgment of Plaintiff Sea Song Farms, LLC [DE 11], which shall be sealed in the absence of any objection to the Motion to Seal Document [DE 14]. Plaintiff seeks relief with respect to Counts I (Breach of Contract) and II (Conversion) of its Complaint. Defendant GeoStar Corporation has filed a Response stating its objection to the Motion for Partial Summary Judgment [DE 15], and Plaintiff has filed a Reply [DE 16] in further support of its Motion. No hearing on the motion is necessary, and the request for same [DE 17] shall be denied.

Sea Song Farms, LLC ("Sea Song") is a party to a Settlement Agreement and Release with GeoStar Corporation ("GeoStar"). In Count I of the Complaint [DE 1], Plaintiff avers a breach of their contract. The parties are in agreement that, in January 2009, they entered into a legally binding, written Settlement Agreement and Release ("Agreement") supported by consideration.

As part of that Agreement, Defendant agreed to transfer to Plaintiff 1,813,141 shares of non-restricted, freely transferable Gastar Exploration, Ltd. common stock (AMEX: GST) (hereinafter referred to as the "Gastar Stock") to Plaintiff on or before December 31, 2009. GeoStar also agreed to pay Plaintiff 5% interest, compounded annually, on the principal amount of $4,626,282 from June 1, 2008 through December 31, 2009, for a total of $373,049.44 (hereinafter, the "Cash Payment"). It is undisputed that Defendant has failed to transfer the shares of Gastar Stock or to make the Cash Payment to Plaintiff.

Defendant has admitted liability with respect to Plaintiff's breach of contract claim and concedes that Plaintiff is owed money under the settlement agreement at issue this case. [*See* Answer, DE 8, par. 6.] Defendant Geostar does not dispute that it owes Plaintiff $2,110,038.52 (the $373,049.44 cash payment plus the closing value of 362,628.20 Gastar shares on December 31, 2009, (362,628.2 shares times $4.79 equals $1,736,989.08)). [*Id.; see also* Response, DE 15, p. 2.] Accordingly, there being no issue of material fact, summary judgment is appropriate with respect to Count I. *See* Fed. R. Civ. P. 56(a) and (c); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986) (holding that, under Fed. R. Civ. P. 56, moving party bears initial burden of specifying basis for its motion and

identifying that portion of the record that demonstrates the absence of a genuine issue of material fact); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986) (holding that, under Rule 56, once the moving party satisfies its burden, non-moving party thereafter must produce specific facts demonstrating a genuine issue of fact for trial); *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (holding that, although court must review evidence in the light most favorable to the non-moving party on motion under Rule 56, the non-moving party must do more than merely show that there is some "metaphysical doubt as to the material facts).

Next, the Court is not persuaded that summary judgment is due to Plaintiff upon its claim for conversion. Under Kentucky law, "[c]onversion is an intentional tort that involves the wrongful exercise of dominion and control over the property of another." *Jones v. Marquis Terminal, Inc.*, No. 2013-CA-000702-MR, 2014 WL 2155255, *3-4 (Ky. Ct. App. May 23, 2014) *(citing St. Auto. Mutual Ins. Co. v. Chrysler Credit Corp.,* 792 S.W.2d 626, 627 (Ky. Ct. App. 1990); *Oliver v. J.J.B. Hilliard,* Nos. 2010-CA-001138-MR, 2010-CA-001236-MR, 2010-CA-001428-MR, 2010-CA-001479-MR, 2013 WL 762593 (Ky. Ct. App. Mar. 1, 2013)). To succeed on a claim of conversion, Plaintiff must demonstrate that:

3

> (1) the plaintiff had legal title to the converted property;
>
> (2) the plaintiff had possession of the property or the right to possess it at the time of the conversion;
>
> (3) the defendant exercised dominion over the property in a manner which denied the plaintiff's rights to use and enjoy the property and which was to the defendant's own use and beneficial enjoyment;
>
> (4) the defendant intended to interfere with the plaintiff's possession;
>
> (5) the plaintiff made some demand for the property's return which the defendant refused;
>
> (6) the defendant's act was the legal cause of the plaintiff's loss of the property; and
>
> (7) the plaintiff suffered damage by the loss of the property.

*Id.* (*citing Ky. Ass'n of Counties All Lines Fund Trust v. McClendon,* 157 S.W.3d 626, 632 n. 12 (Ky. 2005); *Meade v. Richardson Fuel, Inc.,* 166 S.W.3d 55 (Ky. Ct. App. 2005)). As a practical matter, the Court is not persuaded that Plaintiff has demonstrated that it had legal title to the shares of Gastar or the cash payment due under Kentucky law since neither item was transferred to Plaintiff, even though Plaintiff had a contractual right to obtain those shares. The failure of this element of the cause of action would defeat its claim for conversion in Count II.

Also, upon its own motion, the Court considers whether Plaintiff may also recover under a theory of unjust enrichment or quantum meruit, as claimed in Count III of its Complaint, in light of the fact that judgment as a matter of law is appropriate with respect to its breach of contract claim. The Court concludes it may not. *See Coddell Constr. Co. v. Com.*, 566 S.W.2d 161, 165 (Ky Ct. App. 1997) ("The doctrine of unjust enrichment has no application in a situation where there is an explicit contract which has been performed."); *see also* Fed. R. Civ. P. (8)(2)(2) (permitting pleading in the alternative); *Boardman Steel Fabricators, Ltd. V. Andritz, Inc.*, Civil Case No. 14-2-GFVT, 2014 WL 2159743, *2 (E.D. Ky. May 23, 2014) (holding that plaintiff may plead quantum meruit as alternative theory of recovery where breach of contract is also pleaded).

The Court raises the arguments above with respect to the conversion and unjust enrichment claims for the first time in this matter and, in order to assure Plaintiff an opportunity to address them, will require Plaintiff to show cause why its claims for conversion and unjust enrichment should not be dismissed for failure to state a claim, pursuant to Fed. R. Civ. P. 12(b)(6), and final judgment entered in this matter. *See* Fed. R. Civ. P. 12(b)(6); *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (holding that court "must determine whether the complaint alleges sufficient factual matter, accepted as true,

to state a claim to relief that is plausible on its face" and that plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.") (internal citation and quotation marks omitted).

Accordingly, **IT IS ORDERED**:

(1) That the Motion for Partial Summary Judgment of Plaintiff Sea Song Farms, LLC [DE 11] is **GRANTED IN PART** and **DENIED IN PART**;

(2) That Plaintiff's Motion to Seal Document [DE 14] is **GRANTED.**

(3) That the request for a hearing on the motion [DE 17] is **DENIED.**

(4) That Plaintiff shall **SHOW CAUSE** why its claims for conversion and unjust enrichment should not be dismissed for failure to state a claim, pursuant to Fed. R. Civ. P. 12(b)(6), and final judgment entered in this matter within **twenty-one (21) days** of entry of this order.

This the 30th day of September, 2014.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge